## Northern District

### No. 5749

### RICHARD P. DELUDE

#### v.

### ALFRED T. CLARK, ET AL

June 6, 1963

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Harrington, J.* in the First District Court of Essex (Salem). No. 1071.

*Connolly, J.* This action of contract arises out of an alleged breach of a purchase and sale agreement of certain real estate owned by the plaintiff and which the plaintiff contends the defendants contracted to purchase from him.

The defendants in their answer allege that, "They were not to be bound upon the contract to purchase plaintiff's real estate unless the defendants sold their residence at 24 Wayside Drive. Danvers, County of Essex, first and before September 17, 1961 and the plaintiff had knowledge of the above terms."

*There was evidence introduced that* Walter A. Conway was the broker for the plaintiff and had listed the property in question with multiple listing; that simultaneously Daniel Splaine was engaged by the defendants to sell their house for $18,500.00 and to list the house with multiple listing and to tender a purchase agreement to broker, Walter A. Conway, as broker for the plaintiff to purchase the plaintiff's home for $15,900.00; that Daniel Splaine brought the contract to the home of the defendants on the evening of July 17, 1961 and procured the signature of the Clarks.

Defendants' Interrogatory #7 to the plaintiff, "Did Daniel Splaine tell you that Alfred

T. and Edna L. Clark had retained him to sell their residence in Danvers on July 10, 1961" and the answer thereto, "Yes" were read into evidence.

Counsel for the defendants then asked of Mrs. Clark, "What conversation did you have with Mr. Splaine prior to or at the time you signed the contract which is the subject matter of this suit?"

The Court excluded this question and answer thereto. It was established that the only persons present at the time of this conversation were Alfred Clark, Edna Clark and Daniel Splaine. Prior evidence had been introduced that in accordance with multiple listing practice, Daniel Splaine would share the commission earned by Walter Conway if Daniel Splaine were to produce a customer for the Delude residence. There was also evidence that Splaine induced the Clarks to purchase the Delude home, and on production of the agreement signed by them, Splaine became entitled to ½ of the commission.

The answer to the question which was excluded, would have been, "I instructed Mr. Splaine that we would not be bound by the contract unless he sold our house first and when he took the contract to Mr. Conway, he should insert such a provision into the contract."

The purchase and sale agreement and the agreement under which Daniel Splaine was engaged by the defendants to sell their home are not before the Appellate Division. The

term "Multiple Listing" is used without any explanation of its meaning. Despite these discrepancies, however, we feel we can decide the sole issue, which is whether the exclusion of certain evidence by the trial judge was proper, on the report as it is before us together with the docket entries.

The court properly excluded the question.

Clearly, the conversation called for is hearsay and, under the circumstances and for the purpose it was offered, does not qualify under any of the exceptions to the hearsay rule of exclusion. Nor do we see how the answer, if it were admissible, would be of any assistance to the defendants in this action.

Even if the broker were the agent of the plaintiff, as counsel for defendants in his argument before the Appellate Division agreed, the instructions which the defendants allege he failed to carry out were not chargeable to the plaintiff. There is no evidence

(a) of any agreement by the plaintiff to the provision which the defendants contend was erroneously omitted from the contract, or

(b) of any express authority from the plaintiff to the broker to vary the terms of the agreement. *Vallis v. Rimer,* 335 Mass. 528.

The further contention of the defendants that because a real estate broker is usually a special agent of restrictive authority, and therefore the plaintiff should have ascertained, at his peril, what were the bounds of

the authority of the broker in this case, is not relevant to the sole issue in this case—the exclusion of certain evidence. However, here, the broker, who was the agent of the defendants, certainly had authority to act as a messenger in delivering to the plaintiff the executed agreement.

To suggest that the plaintiff, under these circumstances, must look beyond the agreement, inquire into the authority of the broker to deliver it as executed and satisfy himself that the defendants, despite their signatures being affixed to it, were in complete accord with its terms, does not merit discussion.

If the broker failed to carry out the instructions of his principals, the defendants, before delivering the executed agreement to the plaintiff, then the defendants must look to the broker for recourse. Certainly, they cannot hold the plaintiff responsible for their agent's dereliction.

There being no prejudicial error, the Report is to be dismissed.

Berkal & Berkal, of Salem, for the Plaintiff.

Reinherz & Fulman, Willy Norwind, Jr., of Malden, for the Defendants.